CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
5/22/2023
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
       DEPUTY CLERK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF VIRGINIA

LYNCHBURG DIVISION

| | |
|---|---|
| JACQUELINE JOHNSON,<br><br>          *Plaintiff*,<br><br>  v.<br><br>NATIONWIDE MUTUAL INSURANCE CO., *et al*.,<br><br>          *Defendants*. | CASE NO. 6:22-cv-78<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This case comes before the Court on the Defendants' motion to dismiss, Dkt. 16. In this action, Plaintiff brings breach of contract and breach of good faith and fair dealing claims against Nationwide Mutual Insurance Company and Nationwide Property and Casualty Insurance Company. These claims are without merit and will be dismissed.

### I.  Background[1]

The Defendants contracted with Plaintiff Jacqueline Johnson on May 23, 2019, to issue her an auto insurance policy covering her 2016 Lexus Gx 460. Dkt. 11 ("Amend. Compl.") ¶ 8. Defendant Nationwide Property and Casualty Insurance Company is the carrier for Plaintiff's policy, pursuant to the policy's provisions, and is a subsidiary of Defendant Nationwide Mutual Insurance Company ("NMIC"). *Id.* ¶ 9. The policy provides Uninsured Motorists ("UIM") Bodily Injury coverage in the amount of $300,000 per person. *Id.* ¶ 10.

---

[1] The following facts are alleged in Plaintiff's Complaint and assumed true for purposes of resolving this motion. *See King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016) (reiterating the appropriate standard of review).

The policy detailed:

> We will pay, in accordance with Va. Code Ann. Section 38.2-2206, damages which an insured or an insured's legal representative is legally entitled to recover from the owner or operator of an uninsured motor vehicle or an underinsured motor vehicle because of:
>
> 1. Bodily injury sustained by an insured and caused by an accident; and
>
> 2. Property damage caused by an accident.

*Id.* ¶ 11 (at p. U1). The policy further stated:

> We will pay damages under this coverage caused by an accident with an underinsured motor vehicle only after the limits of liability under any applicable bodily injury liability or property damage bonds or policies have been exhausted by payment of <u>judgments or settlements</u>.

*Id.* ¶ 12 (emphasis in Amend. Compl.).

The policy also provided Plaintiff an umbrella policy with $1,000,000 in UIM coverage. *Id.* ¶ 13. She paid the policy's required premiums, maintaining the policy in good standing. *Id.* ¶ 14.

On August 17, 2019, Plaintiff was driving westbound on Route 24 in Bedford County, Virginia, in her 2016 Lexus Gx 460. Travis Dylan Watkins was driving eastbound on Route 24, towards Plaintiff, in a 2001 Ford Ranger. Watkins "failed to maintain his lane of travel, crossed the center line, and collided with [Plaintiff]'s vehicle head-on." Plaintiff suffered serious injuries, as well as mental anguish and suffering, all of which she continues to endure. She has incurred $113,266.54 in medical expenses as of filing. Plaintiff asserts that "[n]otwithstanding his duties," Watkins "operated his vehicle negligently when he failed to maintain a safe distance and keep a proper lookout thereby crashing into [Plaintiff]'s vehicle, causing her serious and permanent physical injuries." *See id.* ¶¶ 15–19, 34.

Plaintiff, "by counsel, executed a release" on June 23, 2020, "settling [her] claim against Mr. Watkins for $100,000." *Id.* ¶ 22. Thus, she contends she "exhaust[ed] by settlement the only

applicable bodily injury liability policy, which sum was insufficient to compensate [Plaintiff] for her injuries but represented all that she could reasonably expect to recover from Mr. Watkins." *Id.* She further argues that "[c]onsistent with Va. Code Ann. Section 38.2-2206, and the provisions of the Nationwide policy, this release did not prejudice [her] right to continue to pursue her claim against her UIM coverage." *Id.* ¶ 23. She also asserts that "[t]hroughout this process and at all relevant times thereafter, [Plaintiff], through counsel, remained in constant contact with representatives and agents of the Defendants." *Id.* ¶ 24.

Plaintiff's counsel spoke to Defendants' representatives and agents about her UIM claim "numerous times via email and phone." *Id.* ¶ 25. These included "Oran Bell, who indicated filing suit against Mr. Watkins was not required, as [Plaintiff]'s UIM policy did not require suit to be filed or judgment be obtained for Nationwide to be obligated to pay [Plaintiff]." *Id.* Through agent Bell, the Defendants "agreed that the policy obligated them to make payments to [Plaintiff] because she exhausted all liability policies by settlement." *Id.* ¶ 26.

Plaintiff's counsel, throughout 2021 and 2022, "informed representatives and agents of the Defendants that Counsel was collecting bills and records in order to make a settlement demand." *Id.* ¶ 27. And through agent Bell the Defendants "again offered and agreed to review [Plaintiff]'s settlement demand." *Id.* ¶ 28. Further, "[c]onsistent with these agreements and with [Plaintiff]'s policy language, representatives and agents of the Defendants, sent numerous emails throughout the remainder of 2021 and into 2022 to Plaintiff's counsel asking for a demand package." *Id.* ¶ 29. However, "[m]any of these emails soliciting a demand from Plaintiff's counsel were sent to Plaintiff's counsel long after the two-year personal injury statute of limitations to file suit against Mr. Watkins had expired," i.e., August 17, 2021. *Id.* ¶ 30 (citing Ex. B).

Plaintiff's counsel sent NMIC a demand package on May 20, 2022, at Nationwide's request. *Id.* ¶ 31. This package, sent through agent Bell, contained Plaintiff's medical bills and records and offered to settle her UIM claim for $1,100,000. *Id.* (citing Ex. C). But the Defendants' representatives and agents denied her UIM claim, stating it "was extinguished because suit was not filed against Mr. Watkins within two years of [Plaintiff]'s crash, in contradiction of their previous statements." *Id.* ¶ 32. She asserts, however, that she "reasonably relied upon the representatives and agents of the Defendants [sic] statements of agreement and liability." *Id.* ¶ 33. And "[b]ut for the Nationwide policy's language and representatives and agents of the Defendants assurances [sic], [Plaintiff] would have filed suit against Mr. Watkins within two years of the date of the crash to satisfy the Defendants' newly announced, disingenuous, and self-serving position." *Id.* ¶ 33.

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The purpose of a Rule 12(b)(6) motion is to "test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King*, 825 F.3d at 214 (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999)). "Thus, when considering a motion to dismiss, a court must consider the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Bing v. Brivo Systems, LLC*, 959 F.3d 605, 616 (4th Cir. 2020). Nevertheless, only facts can render a claim for relief plausible.

### III.     Analysis

i.     **Plaintiff's Breach of Contract Claim is Meritless**

Virginia law[2] dictates that UIM carriers have a duty to their insured to pay the damages to which the insured is "'legally entitled to recover,' and [] a judgment against the uninsured tortfeasor is required to create a legal entitlement to recover damages." *Manu v. GEICO Casualty Co.*, 798 S.E.2d 598, 603 (Va. 2017). This means that before a UIM carrier is obligated to pay its insured, the insured must "obtain a judgment against the uninsured tortfeasor whose actions come within the purview of the [UIM] policy." *Id.* at 605.[3] The Supreme Court of Virginia has explained that a Virginia UIM carrier only has "a duty to pay, to an insured, damages which an uninsured motor vehicle owner or operator has been ordered by a Court to pay the insured for bodily injury or property damage caused by operation of an uninsured motor vehicle." *Id.* at 603. And a UIM carrier "would not be subject to an action in contract on its uninsured motorist endorsement until judgment in tort had been entered." *Id.* (quoting *Willard v. Aetna Cas. & Sur. Co.*, 193 S.E.2d 776, 778 (Va. 1973)). So a UIM carrier's obligation "'arises *only* if it is determined that the insured is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle,'" and "'[j]udgment is the event which determines legal entitlement

---

[2] In determining choice of law when a case is before a federal district court based on diversity of citizenship, the court applies the choice-of-law rules of the forum state, which, in this case, is Virginia. *See, e.g.*, *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941). Under Virginia law, "the interpretation of the insurance contract depends upon the place where the contract was made." *Occidental Fire and Cas. Co. of N.C. v. Bankers and Shippers Ins. Co. of N.Y.*, 564 F. Supp. 1501, 1503 (W.D. Va. 1983) (internal citations omitted). Thus, Virginia law applies here.

[3] Also, though the UIM insurance insurer is an interested party from whom a plaintiff can recover, it cannot formally be a defendant. *See generally* Va. Code Ann. § 38.2-2206(E)–(G).

5

to recovery.'" *Id.* (quoting *Midwest Mut. Ins. Co. v. Aetna Cas. & Sur. Co.*, 223 S.E.2d 901, 904 (Va. 1976) (internal quotation marks omitted) (emphasis in original).

Plaintiff's Amended Complaint seeks recovery under two Virginia UIM policies, but Plaintiff nowhere alleges that any judgment was entered against a tortfeasor to establish an enforceable UIM claim. Thus, Plaintiff's UIM claim is meritless and must be dismissed.

Moreover, even if such a claim could be brought, Plaintiff's claim is barred by the statute of limitations. In Virginia, a personal injury action has a two-year statute of limitations. *See* Va. Code Ann. § 8.01-243(A).[4] Virginia statutory law governs the effect of promises not to plead a statute of limitations defense. Va. Code Ann. § 8.01-232(A). Other than in circumstances of fraud, not at issue herein, any "unwritten promise not to plead the statute [of limitations] shall be void." *See* Va. Code Ann. § 80.1-232(A). Plaintiff's Amended Complaint never alleges that any written agreement not to plead the statute of limitations was endorsed under the statutory prerequisite conditions provided by the state legislature. Thus, the Defendants did not waive their right to raise a statute of limitations defense. And the statute of limitations will bar any suit by Plaintiff against Watkins, as the accident occurred in August 2019. She never filed a suit against him prior to the statute of limitations expiring in August 2021.

### i.      Plaintiff's Good Faith and Fair Dealing Claim Is Deficient as a Matter of Law

Count II of Plaintiff's Amended Complaint is based only in an alleged breach of good faith and fair dealing. Virginia does not recognize an independent cause of action for bad faith. *Capitol Property Mgmt. Corp. v. Nationwide Prop. & Cas. Ins. Co.*, 261 F. Supp. 3d 680, 683 (E.D. Va. 2017) ("Capitol's bad faith claims fail as a matter of law, as Virginia law does not

---

[4] Defendants correctly note that "[e]ven affording any Virginia Covid related extension(s) to the statute of limitations, Plaintiff's statute has long since expired, and no suit against the tortfeasor has been filed, according to Plaintiff's Amended Complaint." Dkt. 17 at 8 n.3.

recognize an independent cause of action for bad faith, and Capitol has not demonstrated that Nationwide breached the terms of the policy."). "Virginia Code § 38.2-209 provides that an insured may recover costs and reasonable attorney fees if the insurer's failure or refusal to provide coverage was not in good faith," but this statute "does not create a separate and independent cause of action for bad faith." *Id.* at 694 (internal citations omitted). And Plaintiff sets forth no statutory, common law, or other duty that could create a plausible cause of action against the Defendants as alleged in Count II. Thus, this claim must be dismissed.

Plaintiff unpersuasively argues that this claim should survive because, though Virginia does not recognize breach of implied warranty of good faith and fair dealing as a separate action, Virginia recognizes that breach of the implied warranty of good faith and fair dealing gives rise to an action for breach of contract. Dkt. 22 at 7. But the Fourth Circuit has recognized that "in Virginia, as elsewhere, [] although the duty of good faith does not prevent a party from exercising its explicit contractual *rights*, a party may not exercise contractual *discretion* in bad faith, even when such discretion is vested solely in that party." *Va. Vermiculite, Ltd. v. W.R. Grace & Co. – Conn.*, 156 F.3d 535, 542 (4th Cir. 1998) (emphasis in original). So an implied breach of good faith and fair dealing claim cannot be properly pled if a plaintiff seeks redress for an implied covenant claim "merely for Defendant's unfavorable exercise of its explicit contractual rights." *Enomoto v. Space Adventures, Ltd.*, 624 F. Supp. 2d 443, 450 (E.D. Va. 2009). For example, the Eastern District of Virginia has found that a plaintiff's claim was properly pled because "Plaintiff alleges that Defendant's actions were not merely unfavorable, but actually dishonest," as "[h]e allege[d] that Defendant purposefully failed to provide him with a space flight and purposefully failed to inform him of the high likelihood of medical

7

disqualification until after he had paid three or four payments that Defendant submits are non-refundable." *Id.* (internal citations omitted).

Here, the facts alleged do not support that Defendants exercised contractual discretion in bad faith. *Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 940 (4th Cir. 1999) ("Bad faith includes the evasion of the spirit of the bargain and an abuse of a power to specify terms.") (internal quotations and citations omitted). Thus, this claim will be dismissed.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss will be granted.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record.

Entered this 22nd day of May, 2023.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE